UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BENJAMIN LUKE O'BRIEN,<br><br>               Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>               Respondent. | Case No. 1:21-cv-00403-CWD<br><br>**ORDER** |

Before the Court is Petitioner's opening brief filed in support of his Petition for Review of the Respondent's denial of social security benefits, motion for preliminary Injunction, and motion to amend the motion for preliminary injunction. (Dkt. 9, 10, 14.) All three documents are procedurally improper. For the reasons explained, the motions will be denied, while the opening brief will be dismissed without prejudice to refiling the same once Respondent has filed the Administrative Record for the Court's review.

Petitioner, who is proceeding without the benefit of legal counsel, filed the Petition for Review on October 13, 2021. (Dkt. 1.) He seeks review of the Commissioner's decision that Petitioner is no longer under a disability as of February 21, 2020, and the resulting termination of benefits. (Dkt. 1.) The matter was assigned to the

ORDER - 1

undersigned, and all parties consented to proceed before a United States Magistrate Judge. (Dkt. 4.) 28 U.S.C. § 636. Respondent was served and formally appeared through counsel on November 2, 2021. (Dkt. 7.)

The Court's procedural order, entered on October 13, 2021, explains that the Court's jurisdiction is limited to reviewing the administrative record to determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the proper legal standard was applied. (Dkt. 2.) It further explains that, within sixty days of service, Respondent must either serve and file a certified copy of the administrative record, or a motion to dismiss. If a motion to dismiss is filed and thereafter denied, or the Respondent proceeds to file the administrative record, the Procedural Order sets forth the applicable deadlines for filing a brief in support of the petition for review, a response brief, and a reply brief. (Dkt. 2.)

Petitioner's opening brief was filed in contravention of the Court's order, as the Court has not yet received either the administrative record or a motion from Respondent. Thus, there is nothing for the Court to review at this time---the administrative record is not before the Court. Consequently, the Court is unable to adjudicate the legal and factual issues raised in Petitioner's opening brief. Petitioner's opening brief is therefore premature, and it will be dismissed without prejudice to refile. Petitioner may refile an opening brief within thirty days after service of the administrative record. (Dkt. 2.)

Petitioner's motion for preliminary injunction, and motion to amend the same, are similarly improper. The motions seek a court order to prevent Respondent from continued efforts to collect "overpayments" while the Petition is awaiting review by the

**ORDER - 2**

Court, and an order that Respondent re-instate benefit payments. (Dkt. 10.) While the Court is not unsympathetic to Petitioner's predicament, the Court is not bestowed with the statutory authority to issue such an order. The Court is limited to reviewing the Commissioner's decision to discontinue benefits, and determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The Court may affirm, modify, or reverse the Commissioner's decision, with or without remand to the Commissioner for a rehearing. 42 U.S.C. § 409(g). The Court has no authority to issue the relief Petitioner seeks while his petition for review is pending. Accordingly, the motion for preliminary injunction, and the motion to amend the same, (Dkt. 10, 14) will be denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Petitioner's Motion for Preliminary Injunction (Dkt. 10) is **DENIED**.

2) Petitioner's Motion to Amend Preliminary Injunction (Dkt. 14) is **DENIED**.

2) Petitioner's Opening Brief (Dkt. 9) is **DISMISSED** without prejudice to refile within thirty days after service of the administrative record.

DATED: November 18, 2021

Candy W. Dale
Chief U.S. Magistrate Judge

ORDER - 3